# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LOUIS C. LOPEZ,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-06-CA-0739 FB** |
| **SAN ANTONIO STATE HOSPITAL,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL (Docket Entry 2)

### I. Statement of the Case

The matter before the Court is plaintiff's motion for appointment of counsel (Docket Entry 2).

Plaintiff Louis C. Lopez brings this action against his former employer, the San Antonio State Hospital. Plaintiff did not state the circumstances under which he alleges the defendant, its agents, or employees discriminated against him.[1] Plaintiff alleges that defendants violated the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12102 *et seq.*, and he appears to allege employment discrimination based on disability, but does not specify his disability.[2] Plaintiff has not identified the relief which he seeks through this lawsuit.

Plaintiff submitted a copy of the notice of his right to sue issued by U.S. Department of Justice, Civil Rights Division and dated August 9, 2006. He also submitted a copy of the notice of right to file a civil action issued by the Texas Commission on Human Rights and dated August

---

[1] Plaintiff used a form document for his complaint, but did not thoroughly fill out the form.

[2] <u>See</u> Federal Court Complaint received on August 28, 2006. Along with his complaint, plaintiff submitted documents that appear to be from a state court proceeding involving plaintiff and defendant.

30, 1996. Plaintiff requests that counsel be appointed to assist him in prosecuting his case.[3]

## II. Discussion

The ADA and Title VII of the Civil Rights Act of 1964 ("Title VII") use the same criteria to resolve requests for appointment of counsel.[4] Title VII provides that "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."[5] Although this section grants the right to request an attorney, it does not confer a right to actually have one appointed. The decision whether to appoint an attorney is one within the broad discretion of the trial judge given the particular facts of the case.[6] The following three factors are generally balanced by courts in determining whether to appoint an attorney: (1) the merits of the claim; (2) the plaintiff's own efforts to secure private counsel; and (3) the plaintiff's financial ability to retain private counsel.[7] Several courts also consider a plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney, and the Fifth Circuit has recognized the correctness of such further inquiry.[8]

---

[3] Docket Entry 2.

[4] 42 U.S.C. § 12117; **See also See Johnson v. City of Port Arthur**, 892 F.Supp. 835, 840 (E.D. Tex. 1995) (Requests for appointment of counsel in cases arising under the Americans with Disabilities Act are analyzed by the same criteria as requests for appointment of counsel in cases arising under Title VII of the Civil Rights Act.).

[5] 42 U.S.C. § 2000e-5(f)(1).

[6] **Gonzalez v. Carlin**, 907 F.2d 573, 579 (5th Cir. 1990); and **Reado v. Texas General Land Office**, 929 F. Supp. 1046, 1051-52 (E.D. Tex. 1996) (district court adopted magistrate's recommendation denying appointment of counsel to plaintiff who had brought claims under Title VII and the ADEA).

[7] **Carlin**, 907 F.2d at 580; and **Reado**, 929 F. Supp. at 1052. **See also Salmon v. Corpus Christi Indep. Sch. Dist.**, 911 F.2d 1165, 1166 (5th Cir. 1990); and **Neal v. IAM Local Lodge 2386**, 722 F.2d 247, 250 (5th Cir. 1984).

[8] **Salmon**, 911 F.2d at 1166-67; and **Reado**, 929 F. Supp. at 1052.

In this case, plaintiff is financially qualified for the appointment of counsel. He has requested and been given permission to proceed *in forma pauperis*.[9] He has also made sufficient efforts to obtain counsel by contacting four attorneys, St. Mary's University Law School, and the local lawyer referral service.[10] Also, it is unclear whether plaintiff has the ability to present his case without the aid of an attorney: plaintiff has only a ninth grade high school education and obtained a GED in 1985.[11] I find that these factors weigh in favor of appointing counsel.

However, the merits of the case weigh heavily against plaintiff's request. As explained above, plaintiff's complaint is incomplete and fails to provide sufficient information to identify the precise claim which he presents to this court for resolution. To the extent that defendant is alleging employment discrimination under the ADA, the procedures for commencing an action are the same as under Title VII.[12] Under either statute, the plaintiff alleging employment discrimination must commence the action within 90 days of receiving the right to sue letter.[13] This 90-day limit is strictly construed.[14] Courts in the Fifth Circuit have consistently dismissed cases in which the plaintiff failed to commence suit within the 90-day period.[15] Plaintiff submitted right to sue letters dated August 9, 1996, and August 30, 1996, ten years prior to

---

[9] Docket Entries 1, 3.

[10] Docket Entry 2 at ¶ 1.

[11] Docket Entry 2 at ¶ 11.

[12] 42 U.S.C. § 12117.

[13] 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e)(1). **See also Flowers v. Southern Regional Physician Services Inc.**, 247 F.3d 229, 234 (5th Cir. 2001) (comparing Title VII to the ADA and determining that a disability based harassment cause of action existed under the ADA).

[14] **Taylor v. Books a Million, Inc.**, 296 F.3d 376, 379 (5th Cir. 2002).

[15] **Id.**

commencing the instant action in this court. Furthermore, plaintiff submitted documents showing that he has previously litigated the events that occurred during the course of his employment with defendant in state court, which would preclude this court from revisiting those claims at this time.[16]

Accordingly, based on the limited record before me, there is a serious question whether plaintiff may litigate his claims in this court, given the delay in filing his complaint and the prior litigation in state court. Consequently, plaintiff's claims do not have sufficient merit to warrant the appointment of counsel at this time.

### III. Conclusion

After considering the relevant factors as discussed in this Order and balancing those that may favor appointment of counsel against the apparent lack of merit of plaintiff's claims, plaintiff's request for appointment of counsel (Docket Entry 2) is **DENIED**.

**SIGNED** on September 15, 2006.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[16] Docket Entry 4, Petition for Review attached to complaint at 1-3.