UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS C. LOPEZ, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-06-CA-0739 FB (NN) |
| SAN ANTONIO STATE HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

## ORDER REGARDING STATUS OF THE CASE

The matter before the Court is the status of the case brought by plaintiff Louis C. Lopez against defendant San Antonio State Hospital. On October 3, 2006, defendant filed a motion to dismiss urging *inter alia* that plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) for insufficient process and insufficient service of process.[1] In its motion, defendant avers that plaintiff's summons was sent to the wrong address and was not sent directly to the proper individual designated to accept service.[2] Defendant argues that plaintiff was required to serve the summons and complaint on the governmental organization's "chief executive officer"[3] or the "administrative head of the government unit being sued."[4]

Defendant acknowledges that plaintiff is a *pro se* litigant, and under Fifth Circuit precedent, he is held to a less stringent standard in his pleadings and submissions than if he was represented by counsel. Defendant further acknowledges that the United States Marshal

---

[1] Docket Entry 14.

[2] The court notes that defendant and its counsel, the Attorney General of Texas, have received the complaint.

[3] Fed. R. Civ. P. 4(j)(2).

[4] Tex. Civ. Prac. & Rem. Code § 101.102(e).

attempted to serve the summons and accompanying documents by certified mail.[5]

Special procedural rules govern service of process for litigants proceeding *in forma pauperis* ("*IFP*").[6]  In *IFP* cases "[t]he officers of the court shall issue and serve all process, and perform all duties."[7]  Furthermore, Federal Rule of Civil Procedure 4(c) provides that the court may appoint the United States Marshal to serve the complaint and summons and such an appointment must be made in the case of an *IFP* litigant.  As a general rule, a *pro se* litigant, who has made a good faith attempt to identify the defendant in his or her complaint, will not be penalized when service of process is not successfully completed within the time limits of Federal Rule of Civil Procedure 4(m).[8]

In this case, plaintiff filed his complaint on August 28, 2006.  Under Rule 4(m), plaintiff has until December 26, 2006, to serve process on defendant.  Furthermore, plaintiff identified San Antonio State Hospital as defendant and supplied an address at which he believed that defendant could be served.  The certified letter sent by the United States Marshal was accepted and forwarded to defendants' counsel.  Accordingly, the Court finds that plaintiff made a good faith effort to supply the appropriate information to accomplish service on defendant.

---

[5] Docket Entry 14 at 1, 2, and 6.  Plaintiff filed a motion to proceed *in forma pauperis*, which was granted by Order entered on August 29, 2006.  Docket Entries 1, 3.  The Order instructed the Clerk of Court to issue a summons directed to the defendant and forward the summons, a copy of the complaint, a copy of plaintiff's *IFP* application, and a copy of the Order to the United States Marshal for service on the defendant.  The Clerk issued the summons on August 29, 2006, and the United States Marshal served the summons and accompanying documents on September 11, 2006.  Docket Entries 6, 10.

[6] **Lindsey v. U.S. R.R. Retirement Bd.**, 101 F.3d 444, 446 (5th Cir. 1996); **Wharton v. Metropolitan Transit Authority of Harris County ("Metro")**, No. Civ. A. H-05-0413, 2005 WL 1653075, at *1 -2 (S.D.Tex. July 8, 2005).

[7] 28 U.S.C. § 1915(d).

[8] **See Lindsey**, 101 F.3d at 446-48; **Wharton**, 2005 WL 1653075, at *2.

To assist the Court and the United States Marshal in discharging their duties to assist plaintiff in prosecuting his case and to efficiently manage the proceedings before it, it is ORDERED that:

1. Defendant San Antonio State Hospital through its counsel of record file with the Clerk of Court and serve on plaintiff a statement containing the name of its "chief executive officer" and/or "administrative head of government unit" along with the correct address for service of process within 10 days of the entry of this Order;

2. Within 10 days after service by defendant of the name of its "chief executive officer" and/or "administrative head of government unit" and the correct address for service of process, plaintiff shall submit completed summons forms and USM-285 service forms to the Clerk of Court, along with one additional copy of the complaint for service on defendant.

Upon receipt of the above, the Clerk will issue summons directed to the defendant and forward (1) the summons together with (2) a copy of the complaint, (3) a copy of plaintiff's application for *in forma pauperis* status, and (4) a copy of this Order, to the United States Marshal for service upon defendant, without prepayment of fees, costs or the giving of security.

**SIGNED** on October 10, 2006.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE