# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LOUIS C. LOPEZ,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-06-CA-0739 NN** |
| **SAN ANTONIO STATE HOSPITAL,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND DENYING MOTION TO DISMISS (Docket Entry 14)

The matter before the Court is defendant's motion to dismiss or in the alternative for a more definite statement (Docket Entry 14).  On October 3, 2006, defendant San Antonio State Hospital filed a motion seeking the dismissal of plaintiff's claims.  Defendant contends that plaintiff failed to state a claim for relief, his claims are barred by a statute of limitations, and defendant is protected from suit by the immunity provided in the Eleventh Amendment to the U.S. Constitution.  Defendant urges dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), 28 U.S.C. § 1915(e)(2)(B), and Texas Civil Practice and Remedies Code Annotated § 16.003(a) (limitations for personal injury actions).[1]

Alternatively, defendant claims that plaintiff's complaint is incomplete and so vague and ambiguous that defendant cannot frame a responsive pleading and raise affirmative defenses. Defendant asks that plaintiff be required to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) that clearly articulates each cause of action and provides defendant

---

[1] Docket Entry 14. Defendant waived its objections to sufficiency of service, and consequently, the objections no longer form a basis for a motion to dismiss.  **See** Docket Entry 23.

with sufficient notice of plaintiff's claims.

On October 4, 2006, plaintiff filed a response to plaintiff's motion to dismiss requesting that the motion be denied.  On October 13, 2006, and October 22, 2006, plaintiff filed additional responses to defendant's motion to dismiss in which he provided additional detail concerning a back injury he sustained and a state court case that he brought against defendant.

I have jurisdiction over this matter under 28 U.S.C. § 636(c).  The parties have consented to proceed before a magistrate judge for all matters in this case, including trial and entry of judgment.[2]  After considering defendant's motion,[3] plaintiff's responses,[4] and defendant's reply,[5] I **GRANT** defendant's motion for a more definite statement and **DENY** defendant's motion to dismiss subject to re-urging after plaintiff has submitted a more definite statement of claims.

### Motion for More Definite Statement

The Federal Rules of Civil Procedure require a complaint to contain a short, plain statement of the grounds for the court's jurisdiction, the grounds showing that the plaintiff is entitled to relief, and a demand for the judgment that the plaintiff seeks.[6]  The plaintiff need not find an exact combination words and phrases, but must give the defendant fair notice of the claim and the grounds upon which it rests.[7]

---

[2] **See** Docket Entries 21, 24.  **See also** Order reassigning case to me for all purposes, Docket Entry 26.

[3] Docket Entry 14.

[4] Docket Entries 15, 20, and 22.

[5] Docket Entry 25.

[6] Fed. R. Civ. P. 8(a).

[7] **Thompson v. Allstate Insurance Co.**, 476 F.2d 746, 749 (5th Cir.1973).

2

When a complaint is so vague or ambiguous that the opposing party is unable to respond "'even with a simple denial, in good faith or without prejudice to [itself],'" a Rule 12(e) motion for a more definite statement is an appropriate method for a defendant to request a plaintiff to clarify his or her claims.[8]  "To comply with an order for a more definite statement, 'the party must submit an amended pleading containing sufficient detail to satisfy the court and to meet his opponent's valid objections to the earlier pleading.'"[9]

In this case, plaintiff's complaint is vague and ambiguous to a degree that requires a more definite statement.  Plaintiff used a type of complaint that provides various options and prompts for information to assist *pro se* plaintiffs in commencing a case in federal court. As defendant noted, plaintiff selected the Americans with Disabilities Act (42 U.S.C. §§ 12102 et seq.) (ADA), out of a list of five statutes, as providing the jurisdiction for his case.  Plaintiff alleged that defendant discriminated against him on February 15, 1995, but he did not describe any of the specific incidents pertaining to his claim of discrimination.  Plaintiff also indicated he was discriminated against because of his race, Hispanic, and disability, but he did not identify a disability.  Plaintiff checked items indicating that defendant terminated his employment and harassed him.

In his responses to the instant motion, plaintiff provided additional information concerning the basis for his case.  However, plaintiff's responses did not clarify the nature of his action.  In his first response, plaintiff alleged that he "was taken by the law firm of Gale, Wilson,

---

[8] **Sefton v. Jew**, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (quoting 5A Charles A. Wright & Arthur R. Miller, **Federal Practice and Procedure** § 1376 at 577-8 (2d ed.1990)).

[9] **Id.** (quoting Wright and Miller, supra § 137 at 636).

3

and Sanchez to the Suppreme [sic] Court of Judge [sic] Phill [sic] Hardberger for being fired for

filing a workers comp. injury where Judge [sic] Hardberger gave them permission to take case to

Federal Court."[10]

In his subsequent response, plaintiff alleged that defendant made false accusations against

him and tried to wrongfully terminate his employment.  Plaintiff stated that he sought the

assistance of certain State Senators to clear his employment record of reprimands issued by

defendant.[11]  Plaintiff alleged that he injured his back on October 28, 1994, and defendant fired

him for filing a worker compensation claim.[12]

Plaintiff described the case as a retaliatory discharge lawsuit, the "meat" of which is a

retaliatory discharge under the "Workers Compensation Statute of the America Disabilities"

Act.[13]  As defendant notes, it appears that plaintiff took a portion of a footnote from a state court

brief and added the ADA to it.[14]

None of plaintiff's allegations give an adequate statement of the cause of action that he is

pursuing in Federal Court.  While plaintiff claims that defendant unlawfully terminated his

employment, it is unclear on what he bases his claim that the termination was unlawful.

Likewise, plaintiff claims that defendant harassed him, but does not state whether he claims the

harassment was motivated by discrimination.  Furthermore, plaintiff makes statements

---

[10] Docket Entry 15 at 2.

[11] Docket Entry 20 at 3-4.

[12] **Id.** at 2-3.

[13] **Id.** at 4.

[14] **See** Docket Entry 22 at 4, n.1.

4

concerning a state court case, and suggests that this current case is somehow related to the state court case.  Plaintiff has provided some court documents concerning an appeal of a jurisdictional issue and part of a brief presented to the Texas Supreme Court.  It is unclear from the current record how the state case relates to this case.  Plaintiff's complaint and subsequent filings are ambiguous as to the nature of his current claim against defendant brought in this court.  Accordingly, defendant's claim that it is unable to formulate an adequate response has merit.

Based on the foregoing, I find that plaintiff's complaint is so vague and ambiguous as to require a more definite statement of his case.  In the interest of justice and to facilitate the efficient disposition of this case, plaintiff should provide the following in his amended complaint:

1. A plain and simple statement of the basis for his claim.  If he is claiming discrimination under the ADA, he should identify his disability and the acts of discrimination he alleges that defendant committed against him because of his disability.

2. To the extent that plaintiff alleges that defendant discriminated against him on a different basis, plaintiff should state the basis (race, ethnicity, gender, etc.) and identify the acts of discrimination he alleges that defendant committed against him because of that basis.

3. To the extent that plaintiff believes that Justice Hardberger, or a state court judge, gave him "permission" to bring a federal case, plaintiff should provide any written evidence to support this claim.  Further, it would be helpful if plaintiff provided a copy of the final judgment disposing of his state court case, which he discusses in his responses. [15]

Based on the foregoing, defendant's motion for more definite statement is hereby

**GRANTED**.  Plaintiff shall file his amended complaint on or before November 30, 2006.

---

[15] Docket Entry 1 and 22.  Plaintiff provided a copy of the Texas Supreme Court decision on the jurisdiction and immunity issues.  However, the decision does not address the underlying merits of the case, and therefore, provides no guidance as to whether plaintiff has already fully litigated his case.

Because I have granted defendant's alternative motion for more definite statement and directed

plaintiff to amend his complaint, defendant's motion to dismiss based on the original complaint

is **DENIED** as moot.  Defendant may re-urge its motion to dismiss based on plaintiff's amended

complaint.

It is so **Ordered.**

**SIGNED** on November 20, 2006.


*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE