UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LOUIS C. LOPEZ,** | § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.** |
| v. | § § | **SA-06-CA-0739 NN** |
| **SAN ANTONIO STATE HOSPITAL,** | § § | |
| **Defendant.** | § § | |

## ORDER DISMISSING CASE

This order addresses the motion to dismiss that is pending in this case (docket entry # 29). After considering the motion, I will exercise my authority under 28 U.S.C. §1915(e) and dismiss this case.[1]

**Procedural Background**

On August 6, 2006, plaintiff Louis C. Lopez asked for leave to proceed *in forma pauperis* in this case.[2] I granted the request and directed the Clerk of the Court to file Lopez's complaint without prepayment of fees or costs.[3] In the complaint, Lopez alleged that defendant San Antonio State Hospital (SASH) discriminated against him on February 15, 1995 in violation of the Americans with Disabilities Act (ADA).[4] On October 3, 2006, SASH moved to dismiss this

---

[1] After the parties consented to my jurisdiction, the case was reassigned to me for all purposes on October 27, 2006. Docket entry # 26.

[2] *See* docket entry # 1.

[3] *See* docket entry # 3.

[4] *See* docket entry # 4.

case on various grounds.[5]  In the alternative, SASH asked me to order Lopez to provide a more definite statement of his claims.  Because Lopez's claims were vague and ambiguous to a degree that required a more definite statement, I ordered Lopez to file an amended complaint to clarify his claims.[6]  I denied SASH's motion to dismiss subject to re-urging.  Lopez responded to my order on November 22, 2006 with additional information about his claims.[7]  SASH then re-urged its motion to dismiss, asserting the grounds that formed the basis of its first motion.[8]  Dismissal under 28 U.S.C. § 1915(e) is one of those grounds.

### Dismissal Under Section 1915(e)

Section 1915(e) provides for *sua sponte* dismissal of an *in forma pauperis* proceeding if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."[9]  This provision permits the Court dismiss those claims whose factual contentions are clearly baseless.[10]  Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[11]  Relevant here, a claim that is barred by

---

[5]*See* docket entry # 14.

[6]*See* docket entry # 27.

[7]*See* docket entry # 28.

[8]*See* docket entry # 29.

[9]28 U.S.C. § 1915(e).

[10]*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[11]*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

limitations can be dismissed pursuant to section 1915(e).[12]

### Whether Lopez's Claim Is Barred by Limitations

Lopez indicated that he is pursuing a claim under the ADA.[13] The information Lopez provided indicates that he sustained an on-the-job injury while he worked at SASH, injuring his back.[14] Lopez complained that he was terminated after his injury occurred.[15] He also stated that he is disabled.[16] Although he did not specifically allege that is disabled because of his back injury, he stated that he cannot sit or walk for long periods, he needs a cane to walk slowly, and he is unable to work.[17] He also indicated that he previously litigated a workers compensation claim in state court, where he complained that he was terminated because he filed a claim for workers compensation benefits after he injured his back.[18] Lopez provided a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), advising him that he had the right to institute a civil lawsuit under the ADA.[19]

The filing of a timely charge of discrimination with the EEOC and the issuance of a right-

---

[12]*See Henson-El v. Rogers* 923 F.2d 51, 53 (5th Cir. 1991) (affirming dismissal of time-barred claims where the district court acted to pursuant to section 1915).

[13]*See* docket entry #4, p. 1; docket entry # 28, p. 3; docket entry # 30, p. 2.

[14]*See* docket entry # 11, p. 5; docket entry # 20, p. 2; docket entry # 30, p. 3.

[15]*See* docket entry # 11, p. 4; docket entry # 20, p. 2; docket entry # 28, p. 3; docket entry # 30, p. 3.

[16]*See* docket entry # 1, p.1.

[17]*See* docket entry # 28, pp. 2 & 4.

[18]*See* docket entry # 4, attached papers; docket entry # 7, attached opinion; docket entry # 11, p. 5; docket entry # 20, p. 3; docket entry # 28, p. 2; docket entry # 30, p. 2-3.

[19]*See* docket entry # 7, p. 3.

to-sue letter is a prerequisite to filing a civil lawsuit for a violation of the ADA.[20] The charging party must commence his lawsuit within 90 days of receiving his right-to-sue letter.[21] Lopez's right-to-sue letter is dated August 9, 1996.[22] Although Lopez did not indicate when he received the letter, a file stamp on the copy of the letter that he submitted reflects that SASH received the letter on August 15, 1996. It is reasonable to believe that Lopez received the letter at the same time. In any event, Lopez does not suggest that he only recently received the letter. Lopez did not file this proceeding until August 29, 2006—well outside the 90 days permitted to file a civil lawsuit. This lawsuit is time-barred because Lopez did not file his lawsuit until over 10 years after he received his right-to-sue letter. Having determined that the case is time-barred, I need not address SASH's other arguments about why this case should be dismissed. I GRANT SASH's motion to dismiss (docket entry # 29) because the case is time-barred and DISMISS the case.

It is so ORDERED.

**SIGNED** on March 5, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[20] *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir.1996).

[21] *See* 42 U.S.C. § 2000e-5(f)(1); *Dao*, 96 F.3d at 789.

[22] *See* docket entry # 7, p. 3.